# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

<table>
<tr><td>CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>UNITED STATES MAGISTRATE JUDGE</td><td>6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593<br>MDD_TJSchambers@mdd.uscourts.gov</td></tr>
</table>

July 5, 2016

LETTER TO COUNSEL:

> RE:    *David W. Willett v. Carolyn W. Colvin, Acting Commissioner of Social Security*
> Civil No. TJS-15-1953

Dear Counsel:

On July 1, 2015, the Plaintiff, David Willett ("Mr. Willett"), petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits ("DIB"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 15 & 16.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301. (ECF Nos. 4 & 9.) I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

Mr. Willett filed his application for DIB on July 24, 2012. (Tr. 43-52.) He alleged disability beginning on February 1, 2007. (Tr. 175-76.) The claim was denied initially and on reconsideration. (Tr. 115-37.) A hearing was held before an Administrative Law Judge ("ALJ") on March 25, 2014. (Tr. 73-93.) On April 24, 2014, the ALJ determined that Mr. Willett was not disabled under the Social Security Act before June 30, 2012, but that he became disabled under the Social Security Act as of June 30, 2012. (Tr. 28-43.) On June 23, 2014, the Appeals Council notified Mr. Willett that it believed the ALJ's decision was not supported by substantial evidence, and that it "plan[ned] to make a decision [that Mr. Willett] was not disabled through June 30, 2012." (Tr. 171.) Upon review of additional evidence submitted by Mr. Willett, the Appeals Council issued a new decision on March 17, 2015. (Tr. 6-10.) In this decision, the Appeals Council found that Mr. Willett was not disabled under the Social Security Act at any time through June 30, 2012, Mr. Willett's date last insured. The decision of the Appeals Council dated March 17, 2015 is the final, reviewable decision of the agency. *See* 42 U.S.C. § 405(g).

Because the Appeals Council adopted many of the factual findings of the ALJ, I will first discuss the ALJ's findings. The ALJ evaluated Mr. Willett's claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Mr. Willett was not engaged in substantial gainful activity, and had not been engaged in

substantial gainful activity since June 17, 2010. (Tr. 35.) At step two, the ALJ found that Mr. Willett suffered from the severe impairments of "cervical radiculopathy, lumbar radiculopathy, and carpal tunnel syndrome." (*Id.*) Also at step two, the ALJ found that beginning on June 30, 2012, Mr. Willett suffered from the additional severe impairment of diabetic neuropathy. (*Id.*) At step three, the ALJ found that Mr. Willett's impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings") (Tr. 36.) The ALJ discussed Mr. Willett's RFC for two time periods: the period before June 30, 2012 and the period beginning June 30, 2012. (Tr. 36-40.)

> Prior to June 30, 2012, the ALJ determined that Mr. Willett retained the RFC
>
> to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except he can perform no more than occasional bending, stooping, kneeling, and squatting. He must avoid ladders and scaffolding. He can perform no more than occasional gripping and feeling with either hand.

(Tr. 36.)

Beginning on June 30, 2012, however, the ALJ determined that Mr. Willett's RFC was more limited:

> Beginning on June 30, 2012, the claimant has the [RFC] to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except he can perform no more than occasional bending, stooping, kneeling, and squatting. He must avoid ladders and scaffolding. He can perform no more than occasional gripping and feeling with either hand. In addition, he requires frequent unscheduled breaks, resulting in him being off task greater than 15% of the workday.

(Tr. 39.)

At step four, the ALJ determined that Mr. Willett has been unable to perform any past relevant work since June 17, 2010. (Tr. 40.) At step five, the ALJ determined that prior to June 30, 2012, considering Mr. Willett's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that he could have performed. (Tr. 41.) Beginning on June 30, 2012, however, the ALJ found that there were no jobs that exist in significant numbers in the national economy that he could perform because, from that date onward, he would require "frequent unscheduled breaks, resulting in him being off task greater than 15% of the workday." (Tr. 39, 42.)

The Appeals Council adopted the ALJ's "statements regarding . . . the issues in the case, and the evidentiary facts," but did not adopt the "findings or conclusions regarding whether the claimant is disabled." (Tr. 18-23.) Specifically, the Appeals Council agreed with the ALJ's findings under steps 1, 2, 3, and 4 of the sequential evaluation, but rejected the finding that beginning on June 30, 2012, there were no jobs existing in significant numbers in the national economy that Mr. Willett could perform. (*Id.*)

The parties do not dispute the ALJ's findings related to the time period leading up to June 30, 2012, which were adopted by the Appeals Council. The only issue in dispute is whether the Appeals Council was correct to conclude that Mr. Willett's medical condition did not significantly deteriorate on or before June 30, 2012.

The Appeals Council found that the ALJ's RFC restriction that, beginning on June 30, 2012, Mr. Willett "required frequent unscheduled breaks, which result[] in him being off task greater than 15 percent of the workday" is not supported by substantial evidence. (Tr. 19.) In considering the ALJ's finding that Mr. Willett would be off task greater than 15 percent of the workday beginning on June 30, 2012, the Appeals Council discussed the objective medical evidence of record. First, the Appeals Council summarized a neurological treatment note dated July 13, 2012, approximately two weeks after the date upon which Mr. Willett was deemed by the ALJ to have become disabled. (Tr. 19.) In this treatment note, Mr. Willett's treating physician, Michael K. Greenberg, M.D., stated that he had not seen Mr. Willett for about one year prior to the date of the examination. (Tr. 303.) Dr. Greenberg noted that Mr. Willett "complain[ed] of numbness of hands and feet" and that his legs, hands, and feet "demonstrate[d] [decreased] light touch sensation." (Tr. 303-4.) Dr. Greenberg's impression was that Mr. Willett suffered from polyneuropathy in diabetes. (*Id.*) Notably, Dr. Greenberg's treatment note "does not indicate significantly decreased sensation on or before" June 30, 2012. (Tr. 19.) The Appeals Council also noted that "further review of the record just before and shortly after [June 30, 2012] did not reveal any significant changes on examination that could be related back to the period through June 30, 2012." (*Id.*)

The Appeals Council also considered a treatment note from an examination conducted by Dr. Greenberg on October 1, 2012. (Tr. 19, 373-75.) At this examination "for follow-up of diabetic neuropathy," Dr. Greenberg found that overall Mr. Willett's condition had improved. (Tr. 373.) Dr. Greenberg opined that Mr. Willett's medication had helped to control Mr. Willett's neuropathy. (*Id.*) The Appeals Council also considered the new medical evidence submitted by Mr. Willett in response to its June 23, 2014 notice. (*Id.*) It found that this evidence was not material to the question of whether Mr. Willett was disabled on or before June 30, 2012, because the evidence concerns his treatment in October 2014 and January 2015, several years after his date last insured. (Tr. 19-20.)

Mr. Willett disputes Appeals Council's finding that "the record does not indicate significant decreased sensation on or before the claimant's date last insured" (Tr. 19). (ECF No. 15-1 at 7.) In support of this argument, he points to medical evidence that demonstrates that he had experienced decreased sensation before June 30, 2012. (*Id.*) For example, in November 2007, Mr. Willett sought medical treatment for "decreased sensation that affects all limbs." (Tr. 270.) In July 2008 and September 2008, he reported "numbness and weakness in his arms and legs." (Tr. 278, 280.) Mr. Willett argues that these records constitute substantial evidence that he experienced decreased sensation as much as six years before his date last insured. (ECF No. 15-1 at 7.)

The Commissioner does not dispute that Mr. Willett had "decreased sensation affecting all limbs dating back to 2007." (ECF No. 16-1 at 6.) However, the Commissioner argues, the issue is not whether Mr. Willett had decreased sensation sometime before the date last insured,

but whether there was a significant change in his condition on or before June 30, 2012 that would require the inclusion of additional limitations in his RFC. (*Id.*) The ALJ's consideration of the evidence for the time period leading up to June 30, 2012 is discussed throughout his opinion, and his findings were adopted by the Appeals Council. These findings—the essence of which is that Mr. Willett was not disabled before June 30, 2012—are supported by substantial evidence. While Mr. Willett may have experienced decreased sensation in the years leading up to 2012, the treatment he sought was limited. As the ALJ noted, Mr. Willett saw his neurologist on only two occasions between July 2010 and June 2012. (Tr. 38-39.) In addition, the treatment he received was conservative. His condition was treated with medication only and he did not require any inpatient hospitalizations or emergency room visits during the time period.

Mr. Willett also cites to other medical evidence but none of it supports a finding that his condition worsened in late June 2012. With respect to his visits with Dr. Greenberg, Mr. Willett argues that the medical problems that began in 2007 continued through June 30, 2012, as is evidenced by his visits to Dr. Greenberg beginning in July 2012. (ECF No. 15-1 at 7-8.) Even assuming, *arguendo*, that Mr. Willett's medical condition persisted through these years, there is no evidence of a deterioration of his condition beginning on June 30, 2012. While his visit with Dr. Greenberg on July 13, 2012 may demonstrate a worsening of his condition, Dr. Greenberg's treatment does not make any reference to the onset of this change taking place before June 30, 2012.

Mr. Willett points to Dr. Jariwala's July 13, 2012 medical source statement, which states that he cannot persist at physical activity for an eight-hour workday and that his condition has persisted since "at least 2004." (Tr. 383-85.) The ALJ properly assigned this medical source statement "little weight" in his initial analysis. (Tr. 38.) Dr. Jariwala's statement is "extremely restrictive, when considered in connection with the objective findings from the claimant's neurologist. . . . [and is] also inconsistent with Dr. Jariwala's own treatment notes." (Tr. 38-39.) The ALJ's reversal on the weight due to this report beginning on June 30, 2012 is not supported by substantial evidence. As the Appeals Council found, the evidence in the record does not establish a worsening of Mr. Willett's condition through June 30, 2012. The ALJ's initial rejection of the report was well reasoned, but his later acceptance of the report is not supported by the evidence.

The same goes for the third party function report completed by Mr. Willett's father in August 2012. (Tr. 231-38) Initially, the ALJ found that the report was excessively restrictive in light of the objective evidence and Mr. Willett's limited treatment. (Tr. 39.) This finding is supported by substantial evidence. The ALJ's finding that the report is entitled to greater weight starting on June 30, 2012, however, is not supported by substantial evidence. The same is true for the medical source opinions made by the non-examining State consultants. As with the ALJ's re-weighing of the other evidence in this case beginning on June 30, 2012, there is no evidence that supports a finding that Mr. Willett's condition worsened on June 30, 2012. The Appeals Council's rejection of the ALJ's finding in this regard is well reasoned and supported by substantial evidence.

In findings that were adopted by the Appeals Council, the ALJ noted that Mr. Willett's "statements concerning the intensity, persistence and limiting effects" of his symptoms were not

4

entirely credible prior to June 30, 2012. (Tr. 38.) As discussed above, the ALJ found that in the years prior to June 30, 2012, Mr. Willett was seen be his treating neurologist on just two occasions. While he did exhibit some "objective abnormalities" during this time, his treatment was conservative, consisting of medication only. Mr. Willett "did not have any emergency room visits or inpatient hospitalizations for pain" during this time. (Tr. 38.) At Mr. Willett's visits with this primary care provider during this period, he was "mainly treated for diabetes" and his "physical examinations were often generally normal." (*Id.*) Taking this information into account, the ALJ determined that—prior to June 30, 2012—"a sedentary level of work with postural and manipulative restrictions would fully accommodate" his functional limitations.

The ALJ's RFC finding for the time prior to June 30, 2012 is well-reasoned and supported by substantial evidence. The ALJ's finding for the time period beginning on June 30, 2012, however, is not supported by substantial evidence. There is simply no evidence in the record that indicates that Mr. Willett's condition worsened at the end of June 2012. Because there is no evidence in the record to support the ALJ's finding that his condition worsened, there is no logical justification for the ALJ's finding that Mr. Willett's RFC was any different beginning June 30, 2012 than it was before to that date.

For the reasons set forth herein, Mr. Willett's Motion for Summary Judgment (ECF No. 15) will be DENIED, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 16) will be GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,


_____/s/_____
Timothy J. Sullivan
United States Magistrate Judge